UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE FRANKLIN,

       Petitioner,

v.                                    CASE NO. 2:06-CV-10823
                                    HONORABLE GEORGE CARAM STEEH

ANDREW JACKSON,

       Respondent.
_____/

## ORDER
## DENYING MOTION FOR APPOINTMENT OF COUNSEL
## AND DISMISSING THIS ACTION

       This matter is pending before the Court on petitioner Tyrone Franklin's motion for appointment of counsel and notice of intent to file a petition for the writ of habeas corpus. Petitioner has been convicted of three counts of first-degree murder and three counts of felony firearm. On November 1, 1991, he was sentenced to two years in prison for the felony firearm convictions, followed by three concurrent terms of life imprisonment for the murder convictions.

       The pending notice of intent alleges that Petitioner is seeking to file a habeas corpus petition challenging his state convictions and sentence on the basis of a jurisdictional defect. The pending motion alleges that Petitioner is unable to retain counsel, that he is uneducated, and that he is entitled to appointment of counsel under 28 U.S.C. § 2261.

       Section 2261 is applicable to state prisoners who have been sentenced to the death penalty. *See Mills v. Anderson*, 961 F. Supp. 198, 199 (S.D. Ohio 1997) (noting that 28 U.S.C. §§ 2261-2266 apply to death penalty habeas corpus cases). Petitioner is serving a sentence of

life imprisonment.  He has no absolute right to appointment of counsel on habeas review of his conviction.  *Cobas v. Burgess*,  306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1991)); *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  "[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the district court.  It is a privilege and not a right."  *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (quoted in *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987)).

The interests of justice do not require appointment of counsel here, because a determination of whether the trial court was "vested with jurisdiction under state law is a function of the state courts, not the federal judiciary."  *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).  Furthermore, the habeas petition appears to be barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d).  Accordingly, Petitioner's motion for appointment of counsel [Doc. #2, Feb. 23, 2006] is DENIED, and this action is DISMISSED without prejudice to whatever rights Petitioner may have under law.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  March 28, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 28, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk

2